ATLANTIC COAST LINE RAILROAD v. CONNELL & SCHULTZ.

149 So. 596.
151 So. 381.
Division A.
Opinions Filed July 28 and Dec. 11, 1933.
Rehearing Denied Sept 14, 1933.

*Kelly & Shaw*, for Petitioner;

*Paul Pinkerton*, for Respondent.

PER CURIAM.—Respondents recovered a judgment in a common law action against petitioner in the Civil Court of

Record for Hillsborough County, which was affirmed with *remittitur* on appeal to the Circuit Court. Certiorari was granted from this Court to review that judgment.

The declaration was on the common counts seeking the recovery of $2,224.87 with interest thereon for $1,854.05 pursuant to Sections 4581 and 4582. Revised General Statutes of 1920, Sections 6646 and 6647, Compiled General Laws of 1927, the validity of which has been upheld by this Court. Atlantic Coast Line Ry. Co. v. Coachman, 59 Fla. 130, 52 So. 377.

Five errors are assigned. They are predicated on the sufficiency of the declaration, variance in the proof and the *allegata,* the degree of proof charged, and the constitutional validity of the Act on which the action was predicated to the facts in this case.

On the latter point it is sufficient to say that the general validity of the Act on which the action was grounded was upheld in Atlantic Coast Line Ry. Co. v. Coachman, *supra.* We do not think, however, that the fifty per cent. interest penalty allowed by the Act is recoverable in this case. The alleged overcharge for freight from Connell to Tampa was imposed by the railroad company in the belief that Connell was a legally established station from which it had a right to make the charge. The freight shipments for which the overcharge was made moved from Connell, Florida, to Tampa, Florida, from October, 1926, to April, 1927. In August, 1929, at a hearing for that purpose, the Railroad Commission of Florida entered its order declaring the station of Connell to be abolished and never to have been legally established. The declaration below was filed in March, 1929. From October, 1926, to August, 1929, Connell was a recognized shipping point from which the shipments in question were made under presumed legal authority.

The fifty per cent. penalty imposed by Section 4581, *supra,* was to require prompt payment of claims for freight, baggage, or express lost or damaged, or for any overcharge on freight, baggage, or express, or for any reciprocal demurrage charged by a common carrier. We think the statute has reference to overcharges made intentionally or arbitrarily for shipments from station to station and would have no application to charges imposed as in this case, under the impression that Connell, the shipping point, was regularly established as a station and that the railroad company had a right to make the charge. If the Railroad Commission had decided that Connell was a legally established shipping point and the rate legal there would have been no basis for the action. This being true and the right of recovery being dependent on this question, certainly no penalty accrued prior to the Railroad Commission's decision. See A. C. L. R. R. Co. v. Farris Co. decided this term.

We do not approve the pleadings or proceedings herein and there was a lack of diligence on the part of respondents in bringing their action, but we are not able to say that reversible error was committed. The judgment should not have included the fifty per cent penalty. Otherwise it is correct.

It follows that the judgment of the Civil Court of Record as approved by the Circuit Court of Hillsborough County is quashed, with leave to enter a proper judgment not inconsistent with this opinion.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.

ON MOTION TO CONSTRUE JUDGMENT AND MANDATE OF SUPREME COURT. ORDER.

PER CURIAM.—This cause came on to be heard on the petition of counsel for both parties hereto to interpret or

modify the mandate to more definitely state whether or not the plaintiffs below should be allowed to recover interest and attorney's fees on their judgment recovered herein and affirmed by the Circuit Court.

The judgment was recovered under Sections 4581 and 4582, Revised General Statutes of 1920, Sections 6646 and 6647, Compiled General Laws of 1927, and since under our holding the punitive interest provided under the statute cannot be allowed to stand and be imposed we think attorney's fees must go with the penalty, but we think interest may be allowed in the judgment at the usual rate.

It is so ordered.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL and BUFORD, J. J., concur.

BROWN, J., not participating because of illness.